# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

DEANETT DAWNE COLEMAN, )
)
        Plaintiff, ) No. 13cv1004 EJM
vs. )
) ORDER
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

Plaintiff brings this action seeking judicial review of the Acting Commissioner's denial of her application for supplemental security income benefits. Briefing concluded July 18, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Ms. Coleman claims disability due to a learning disorder, dyslexia and mental health issues. (Tr. 161). The Administrative Law Judge (ALJ) held a hearing on plaintiff's claim on October 12, 2011. On November 21, 2011, the ALJ issued her decision, holding against the plaintiff. On January 17, 2013, the Appeals Council denied plaintiff's request for review. Having thus exhausted her administrative remedies, plaintiff filed a complaint in this court on February 12, 2013.

Plaintiff asserts the ALJ failed to give sufficient weight to the opinion of the treating psychologist, Brenda Healy, who examined plaintiff, and instead relied on the opinion of agency psychologist Dr. Sandra Davis, who did not examine plaintiff. Plaintiff also asserts that the ALJ failed to properly develop the record as to whether plaintiff's mental limitations existed before she turned 22 years of age, which if they did might qualify under Listing 12.05(C) (see below.) Accordingly, plaintiff asserts that the Acting

Commissioner's decision is not supported by substantial evidence as a whole on a sufficiently developed evidentiary record.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review, the court finds that the ALJ failed to afford adequate weight to the views of plaintiff's treating psychologist and instead relied upon the opinion of the agency psychologist who never examined plaintiff. The ALJ adopted the lesser, "moderate" limitations contained in the opinion of the non-examining agency expert (Tr. 29) and at times even went beyond that in dropping some of those moderate limitations, which limitations were less stringent than the "marked" limitations recommended by the examining psychologist. (See ALJ's Findings, Tr. 24-25, 29; Dr. Davis' opinion containing "moderate" limitations, Tr. 298-99, 301; Dr. Healy's opinion containing "marked" limitations, Tr. 281-283.) If a treating medical expert's opinion is supported by the record, which it is in this case, it must be given controlling weight, i.e. it must be adopted. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998.)

In addition, there is the unresolved question regarding whether plaintiff's mental limitations existed before she turned 22 years of age. Plaintiff was born on June 16, 1982. Most of the evidence in the record was compiled when plaintiff was age 27. If the mental liabilities existed by her 22nd birthday, then she may qualify under 20 C.F.R.

2

Part 404, Subpart P, Appendix 1, §12.05(C). ("Listing 12.05(C)".) The ALJ, after finding that plaintiff now has the impairments of borderline intellectual functioning, anxiety disorder, and a learning disorder (Tr. 22), and a full-scale IQ of only 69 (Tr. 25), found that there is no evidence of onset of any of that prior to age 22. However, the plaintiff had introduced Individualized Education Programs established for children with disabilities from when the plaintiff was in school, at ages significantly earlier than age 22, since plaintiff left school in Georgia in ninth grade. The record shows that at the time of her psychological testing, when she was 27 years old, she could read only at a fourth grade level, spell at a second grade level, and do math at a second grade level. (Tr. 276) There is no evidence that anything changed between age 22 and age 27. This record, or lack thereof, raises the question whether this same mental state may have been in existence five years previously. At least the record should be further developed to determine whether her mental state at age 22 was the same or similar as at age 27. The record has not been sufficiently developed to provide a satisfactory evidentiary basis to answer this question one way or the other. Although plaintiff's attorney bears primary responsibility to gather and introduce such evidence, the ALJ also has a duty to develop the record when necessary. 20 C.F.R. §404.1545(a)(3) states:

> In general, you [plaintiff] are responsible for providing the evidence we will use to make a finding about your residual functional capacity. However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history.

The ALJ's obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001), similarly Highfill

3

v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987); Muncy v. Apfel, 247 F. 3d 728 (8th Cir. 2001.) Concerning whether plaintiff's mental state at age 22 was the same as her current mental state at age 27, the record is at best ambiguous and at worst inadequate. Either way, further development is warranted.

Accordingly, on balance, the ALJ failed to give sufficient weight to the medical opinion of the examining psychologist, her decision is not supported by the record as a whole, and that record needs to be further developed. This matter shall be reversed and remanded for further consideration of the opinion of the treating psychologist Sandra Healy, the remainder of the medical record relating to her opinion, and for further development of the record particularly regarding whether plaintiff's mental limitations existed before she turned 22 years of age, the extent of plaintiff's job skills and residual functional capacity.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

August 12, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT